

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | §    CRIMINAL ACTION NO.: 3:18-282-MGL-2 |
| | § |
| ENDIRA YANEE GUARDADO TORRES, | § |
|                                 Defendant. | § |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
**AND MOTION FOR CONCURRENT SENTENCING**

## I.    INTRODUCTION

Pending before the Court is Defendant Endira Yanee Guardado Torres's (Torres) pro se motion for reconsideration of Judge Seymour's order dismissing without prejudice her motion for compassionate release, and her motion for concurrent sentencing. Torres argues the Court should reduce her sentence due to the COVID-19 pandemic and the conditions in her facility, as well as so she can care for her children. Having carefully considered the motions, the responses, the record, and the applicable law, it is the judgment of the Court both motions will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Torres pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute one kilogram or more of a mixture of substance containing a detectable amount of heroin, fifty grams of more of methamphetamine, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 400 grams or more of a mixture or substance

containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A), and 846. She was also found to have committed a supervised release violation for the same conduct in *United States v. Torres*, 5:12-cr-00808-MBS-4, ECF No. 787 (D.S.C. Oct. 8, 2019) (the violation case).

Torres's guideline sentence in this case was 262 to 327 months, but the government moved for a departure to reflect substantial assistance Torres had provided. Judge Seymour, accordingly, sentenced her to 136 months in this case and twenty-four months in the violation case, to run consecutively. She also sentenced Torres to ten years supervised release in this case, and no supervised release in the violation case.

Torres is currently housed at Federal Correctional Institution, Tallahassee (FCI Tallahassee), with a projected release date of November 5, 2027. She alleges she suffers from several medical conditions, including asthma and lingering breathing issues from having contracted COVID-19 twice. In her request to the warden, along with the arguments raised in her motions, Torres also claims she suffers from sleep apnea, obesity, PTSD, migraines, and depression.

According to the link provided by the government, at FCI Tallahassee, 100 staff members and 1,217 inmates have been vaccinated, and the Bureau of Prisons (BOP) continues to provide access to vaccines as needed, including eligibility for COVID-19 booster shots. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited April 10, 2023). There is currently only one active inmate COVID-19 case at FCI Tallahassee, and it is classified as a Level 1 facility, meaning it has "[m]inimal" COVID-19 modifications. *Id.*

Torres herself refused the vaccine.

2

While incarcerated, Torres has obtained employment and participated in rehabilitative programming through the Bureau of Prisons (BOP) such as GED classes, parenting classes, career skills classes, and drug treatment programs.

Torres claims that her four minor children are currently living in separate homes. She relates that her oldest child suffers from a medical condition that renders her partially nonverbal.

Torres filed her motion for compassionate release, which Judge Seymour dismissed without prejudice for failure to exhaust her administrative remedies. Torres filed her motion for reconsideration. She later also filed her motion for concurrent sentencing.

The Clerk's Office reassigned this case to the undersigned judge, who granted the motion for reconsideration in part inasmuch as it directed the government to file a response so the Court could consider the motion for compassionate release on the merits. It also provided Torres another opportunity to submit evidence that she had exhausted her administrative remedies. Torres did so. The government then responded to both Torres's motions. Torres failed to file any reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.   STANDARD OF REVIEW

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

### IV.  DISCUSSION AND ANALYSIS

As an initial matter, Torres has now exhausted her administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of her motions.

Torres's motion for reconsideration asks the Court to grant her compassionate release, whereas her motion for concurrent sentences requests that the Court order her sentence in this case run concurrently with her sentence in the violation case. Both motions seek relief based on the COVID-19 pandemic and so she can care for her children.

Torres fails to state the authority under which she asks the Court to order that her sentences run concurrently. The Court has found no authority directly allowing it to do so. The Court notes

that Judge Seymour's ordering consecutive sentences was proper. *See* U.S.S.G. 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving[.]"). It will therefore deny the motion inasmuch as it will not order the sentences run concurrently.

But, Torres essentially asks in the motion for concurrent sentences for the Court to reduce her sentence by twenty-four months due to extraordinary and compelling circumstances. *See In re United States*, 588 F.2d 56, 59 (4th Cir. 1978) ("Any effort to make . . . sentences run concurrently amounts to a reduction in sentence[.]"). In her motion for reconsideration, she asks for a reduction to time served.

Therefore, the Court will consider below whether extraordinary and compelling circumstances warrant a reduction in her sentence, and if so, the extent of reduction that is warranted.

### A.     *Whether Torres presents extraordinary and compelling reasons warranting a reduction of her sentence under 18 U.S.C. § 3582(c)*

Torres posits the COVID-19 pandemic, her medical conditions, risk in her facility, and family circumstances together constitute extraordinary and compelling reasons for a reduction in her sentence. The government, however, points to the BOP's COVID-19 response that help mitigate Torres's personal risk and her refusal of the vaccine to contend that compassionate release is unwarranted. It fails to address Torres's other arguments.

"[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). As the government avouches, the BOP has administered almost 350,000 doses of the vaccine. Inoculation greatly

5

reduces the likelihood of severe illness and death from COVID-19.  Yet, Torres has refused the vaccine.

"[A] prisoner who remains at elevated risk because [s]he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *Id*.  Because Torres has failed to allege a legitimate reason for remaining unvaccinated, COVID-19 alone fails to rise to the level of an extraordinary and compelling reason for a reduction in her sentence, of any amount.

Nor do any other factors, combined with the risk of COVID-19, rise to extraordinary and compelling circumstances.  Even if medical conditions elevate Torres's risk for COVID-19 infection, she has failed to show the vaccine would not reduce any particular susceptibility to serious illness or death from contracting the virus. *See United States v. Hargrove*, 30 F.4th 189, 198 (4th Cir. 2022) (holding district court exercised proper discretion by denying compassionate release because, under the totality of the circumstances, defendant's health conditions, which might cause increased risk of serious illness or death from COVID-19, failed to present extraordinary or compelling reasons); *see also Rates of COVID-19 Cases and Deaths by Vaccination Status*, CDC, https://covid.cdc.gov/covid-datatracker/#rates-by-vaccine-status (last accessed March 31, 2023) (showing vaccination reduces risk of death or serious illness upon contracting COVID-19) (cited by the government).

Moreover, there is currently only one active case at FCI Tallahassee.  And, as noted above, over a thousand inmates at the facility have been vaccinated, lowering the risk of spread and severe illness even in the absence of complete social distancing.  Even considering the close quarters inherent in prison, the Court thus identifies no particularized risk to Torres based on her placement at FCI Tallahassee.

6

Altogether, although the risk of an inmate contracting COVID-19 and suffering adverse health consequences is certainly still present, it has been greatly reduced by BOP's efforts and the prevalence of the vaccine.

Further, Torres asks for release to take care of her children, including one with medical needs. Although the Court sympathizes with the difficulty a parent's prison sentence places on a family, Torres's circumstances are far from unique. Her family circumstances, therefore, also fail to create extraordinary and compelling circumstances.

Finally, Torres also mentions in passing that she was treated for scabies due to the conditions at FCI Tallahassee. Although the Court is troubled by this allegation, it can do little without additional evidence and explanation. With this bare statement, the Court determines Torres has failed to show extraordinary and compelling circumstances at this time. But, depending on their nature, inhumane conditions may give rise to a civil claim under 42 U.S.C. § 1983 for constitutional violations.

Accordingly, Torres has failed to present extraordinary or compelling reasons for a sentence reduction of any amount.

### B.     *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude reducing Torres's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;

7

>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .[;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Torres pled guilty to conspiracy to possess with intent to distribute controlled substances, a serious offense. She did so while on supervised release for a federal offense of the same nature, a breach of the Court's trust. Moreover, Torres was assigned a criminal history category of III at sentencing in this case. Although she did provide substantial assistance, her sentence properly reflects that cooperation due to the departure granted by Judge Seymour.

And, although the Court commends Torres for her efforts toward rehabilitation, such strides fail to warrant a sentence reduction. The Court nevertheless encourages Torres to continue to take part in programming the Bureau of Prisons has to offer.

Overall, Torres's 160-month total sentence is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted). In fact, Torres's 136-month sentence in this case is significantly below her guideline range of 262 to 327 months. And, her twenty-four month sentence in the violation case was at the bottom end of her guideline range of twenty-four to thirty months. *Torres*, 5:12-cr-00808-MBS-4, ECF No. 776-1 (May 16, 2019).

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Torres's current sentence is sufficient, but no longer than necessary, to promote

8

respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. The Court will therefore deny Torres's motions.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Torres's motion for reconsideration, ECF No. 416, and motion for concurrent sentences, ECF No. 417, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 17th day of April 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE